IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

XAVIER WILSON, # 247-448,

    Petitioner,

v.

RICHARD D. DOVEY, *et al.*,

    Respondents.

Case No.: GJH-17-1952

## MEMORANDUM OPINION

Xavier Wilson, a self-represented prisoner confined at Maryland's Eastern Correctional Institution, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. ECF No. 1. Wilson attacks his 1995 conviction in the Circuit Court for Baltimore City, Maryland for assault with intent to murder and related offenses. Respondents Warden Richard D. Dovey and the State of Maryland have provided an Answer to Wilson's Petition, which includes state appellate court opinions and the docket sheet outlining proceedings relating to Wilson's criminal case. ECF No. 10. Wilson was granted an opportunity to reply and has done so. ECF Nos. 11, 12. After reviewing the Petition, Response, and Reply, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(e)(2). For the reasons set forth below, the Petition shall be denied as time-barred and a certificate of appealability shall not issue.

**I.    BACKGROUND**

On November 17, 1994, Wilson was convicted by a jury in the Baltimore City Circuit Court of assault with intent to murder, attempted carjacking with a dangerous weapon, attempted

1

robbery with a dangerous weapon, and use of a handgun in the commission of a crime of violence. ECF No. 10-1 at 1–3[1]; ECF Nos. 1, 5. On January 11, 1995, Wilson received an aggregate sentence of 45 years. ECF No. 10-1 at 2–5. The Circuit Court denied Wilson's motion for reconsideration of sentence on June 14, 1995. *Id.* at 10. The Court of Special Appeals of Maryland affirmed the convictions in an unreported opinion issued January 5, 1996. *Wilson v. State,* No. 372 (Md. Ct. Spec. App. 1996) (provided as ECF No. 10-2). The Court of Appeals of Maryland denied Wilson's request for further review on April 15, 1996. *See Wilson v. State,* 342 Md. 116 (1996). Wilson did not seek certiorari review in the United States Supreme Court, and his judgment of conviction became final for direct appeal purposes on Monday, July 15, 1996. *See* Sup. Ct. R. 13 (review of judgment in the Supreme Court must be sought within 90 days of entry of the judgment in the lower court).

On March 17, 1997, more than eight months after his conviction became final, Wilson filed a petition for post-conviction relief in the Baltimore City Circuit Court. The petition was dismissed without prejudice on April 28, 1997. ECF No. 10-1 at 10. Wilson waited another six months, until November 12, 1997, before filing another petition for post-conviction relief that was withdrawn on June 17, 1998.[2] *Id.* at 6. Ten months later, on May 5, 1999, Wilson filed a post-conviction petition that was denied on August 7, 2000. *Id.* Wilson's application for leave to appeal the denial of post-conviction relief was denied by the Court of Special Appeals on August 3, 2001. *Id.* Finally, Wilson filed a motion for modification of sentence on January 8, 2004, which the Circuit Court denied on January 12, 2004.[3] ECF No. 10-1 at 13.

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[2] Wilson filed a second motion for modification of sentence with the Circuit Court on September 17, 1997, which was denied that same day. ECF No. 10-1 at 11.
[3] Additional motions for modification of sentence were filed in 2004, 2009, 2014 and 2016. Each was denied. ECF No. 10-1 at 14–15.

Wilson filed his Petition on July 1, 2017. ECF No. 1.[4] In his Petition, and Supplement filed at the direction of the Court, Wilson asserts (1) his sentence is illegal; (2) the trial court erred in denying his motion for judgment of acquittal; (3) the prosecution failed to produce evidence to demonstrate an intent to permanently deprive the owner of her property; (4) the prosecution failed to demonstrate larcenous intent; and (5) appellate counsel was ineffective for failing to argue trial court error with regard to a jury instruction on intent. ECF No. 5. In a limited answer to the Petition, Respondents assert that the merit of Wilson's claims cannot be examined because the Petition is untimely and Wilson has provided no basis for applying the doctrine of equitable tolling. ECF No. 10 at 5–6.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted and signed into law on April 24, 1996. Prior to AEDPA, there was no time limitation on when a prisoner could file an original action for habeas corpus relief in federal court. AEDPA introduced a one-year limitations period for state prisoners filing under 28 U.S.C. § 2254. The one-year period begins to run on the date on which the judgment became final by the conclusion of direct review or (if no appeal is taken) upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A); *see also Wall v. Kholi,* 562 U.S. 545, 549 (2011). The one-year period is tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

---

[4] While the Clerk of the Court received the Petition on July 13, 2017, it is deemed filed on the date it was signed. *See Houston v. Lack*, 487 U.S. 266, 270–71 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919–20 (D. Md. 1998) (holding that a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the prison mailbox rule).

### A. Statutory Limitations Period

Here, Wilson's one-year limitations period began to run, at the latest, on July 15, 1996, when his 90-day period for seeking certiorari on direct appeal in the United States Supreme Court expired. A total of 245 days elapsed between July 15, 1996, and the filing of Wilson's first post-conviction petition on March 17, 1997. The limitations period, now reduced to 120 days, was tolled during the time Wilson's petition for post-conviction relief was pending. It began to run again on April 28, 1997, when the petition was withdrawn without prejudice. Wilson filed another post-conviction petition 209 days later, on November 12, 1997, but by that time the 365-day limitations period had expired and the post-conviction petition did not serve to toll the limitations period. Wilson withdrew this second petition on June 17, 1998, and the clock again began to run. Wilson then waited until May 5, 1999, a period of an additional 322 days, before filing the post-conviction petition ultimately denied by the Circuit Court. Wilson filed additional Rule 4-345 motions for reduction of sentence, beginning on January 8, 2004. ECF No. 10-1 at 13. Their pendency, however, provides no basis for tolling the one-year limitations period, because the one-year limitations period had long expired before these motions were filed. Given this procedural history, the Petition, filed here on July 1, 2017, is statutorily time-barred.

### B. Equitable Tolling

In order to be entitled to equitable tolling of the limitations period, Wilson must establish that either some wrongful conduct by the State contributed to the delay in filing his federal habeas corpus petition, or that circumstances beyond his control caused the delay. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330; *see also Pace v. DiGuglielmo*, 544

U.S. 408, 418 (2005) (recognizing that equitable tolling requires a showing that the petitioner "has been pursuing his rights diligently, and . . . that some extraordinary circumstance stood in his way").

Wilson argues that he did not know of the one-year limitations period, and that he was sixteen years old at the time of his arrest. To the extent the delay might be attributed to Wilson's lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. *See United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004); *see also Rouse*, 339 F.3d at 248 ("Ineffective assistance of counsel generally does not warrant equitable tolling." (citing *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002))). Wilson has not satisfied his burden to demonstrate that equitable tolling is warranted, and his Petition for habeas corpus relief is denied as time-barred.

### C. Certificate of Appealability

When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a petitioner satisfies this standard by demonstrating "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *see also Buck v. Davis,* ___ U.S. ___, 137 S.Ct. 759, 773 (2017). Wilson does not satisfy this standard, and the Court declines to issue a certificate of appealability.[5]

---

[5] Denial of a certificate of appealability in the district court does not preclude Wilson from requesting a certificate of appealability from the appellate court.

## III. CONCLUSION

For the foregoing reasons, Wilson's Petition for Writ of Habeas Corpus shall be denied.

A separate Order follows.

Dated: July 6, 2018                                                    /s/
                                                                       GEORGE J. HAZEL
                                                                       United States District Judge